UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAMYAR KALANTAR,

    Plaintiff,

    v.                                Civil Action No. 01-644 (HHKJMF)

LUFTHANSA GERMAN AIRLINES *et al.*,

    Defendants.

## MEMORANDUM OPINION

This case is before me for resolution of all discovery disputes. I herein resolve Defendants' Motion to Compel and for Additional Limited Discovery ("Mem.").

## BACKGROUND

On March 23, 2001, plaintiff, Dr. Kalantar, brought this action against Lufthansa German Airlines and two of its employees, asserting multiple theories of liability. On September 16, 2005, Judge Kennedy granted in part and denied in part defendants' motion for summary judgment. Remaining in the case are plaintiff's common law tort claims of 1) false arrest, 2) defamation, 3) malicious prosecution, and 4) civil conspiracy.

The gravamen of plaintiff's complaint is that on March 25, 2000, defendants improperly prevented him from boarding a Lufthansa flight after a dispute over whether or not he should undergo a more thorough luggage search. Plaintiff further claims that defamatory statements were made against him and that he was arrested and detained without justification.

**DISCUSSION**

I.   Interrogatories

    A.   Interrogatory No. 3

In Interrogatory No. 3, defendants seek the following:

> State the identities, names and addresses of all persons who have personal knowledge of facts material to this case, and indicate which of those persons were eye witnesses to all or part of the incident and give the location of each witness at the time of the occurrence.

Mem., Exhibit A at 4.

In response, plaintiff identified several people by name but also listed "FAA (Federal Aviation Administration) officers." According to plaintiff, these unnamed FAA officers will testify that the FAA regulations governing the search of certain luggage are confidential and that Lufthansa employees violated federal law by disclosing their contents. Mem. at 3.

Plaintiff does not speak to the asserted deficiency of his answers except to say that his responses to defendants' interrogatories "consisted of almost forty-five pages of material, thus it is highly unlikely that any question asked by the defendants were [sic] not previously answered." Plaintiff's Opposition to Defendants' Motion to Compel and for Additional Limited Discovery and for Additional Limited Discovery [sic] and Counter Motion to Compel ("Opp.") at 8. Plaintiff's response that somewhere in his responses there must be an answer is, to put it mildly, insufficient. He will therefore be ordered to answer the question completely and specifically by identifying, by name, the FAA officials he intends to call, their addresses, whether any of them witnessed the events in question, and where they were when they made those observations.

    B.   Interrogatory No. 7

In his lawsuit, plaintiff seeks lost wages in the amount of $5,000,000. In Interrogatory

2

No. 7, defendants seek the following:

> By whom were you employed and what were your duties and wages at the time of the occurrence, on what dates following said occurrence did you return to work, and what were your duties and for whom did you return to work, and at what wages, give the dates that you were unable to work, if any, and explain why.

Mem., Exhibit A at 5.

In his response, plaintiff states:

> [A]lthough Dr. Kalantar was unable to work as efficiently as possible as he used to prior to [the] 3/25/00 incident, and hence had to experience a major financial loss in the first several months after the incident, his another [sic] major loss was his intellectual and professional career, since he was unable to take his PhD comprehensive examination in the summer of 2000 due to criminal charges and preparation for trial on July 11, 2000.

Mem., Exhibit E at ¶ 7.

In another response, plaintiff explains how his arrest led to a one-month delay in his employment at the UCLA School of Medicine. Id. at ¶ 5(k).

In Plaintiff's Answers to Defenant's [sic] Second Set of Interrogatories, plaintiff states the following as to his lost wages:

> Specific dates and amounts of Dr. Kalentar's wages at the time of occurrence, the specific dates which Dr. Kalantar was unable to work, Dr. Kalantar's duties at the time of the occurrence and upon his return to work, as well as his wages when he returned to work are unknown at this present time, however, Plaintiff reserves the right to supplement this request at a later date.

Mem., Exhibit K at ¶ 7.

"Later" has now come. Despite claiming that he suffered major financial losses and was unable to work following the incident, plaintiff fails to provide specifics as the amount of time he was unable to work and the resulting amount of wages he lost. His responses must therefore be

supplemented by a detailed and specific answer.

    C.    <u>Interrogatory No. 9</u>

In Interrogatory No. 9, defendants seek the following:

> Identify each person whom you expect to call as an expert witness at trial, the area or areas of expertise of each expert witness, the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, and produce any written report made by the expert concerning those findings and opinions.

Mem., Exhibit E at ¶ 9.

In response, plaintiff claims he hasn't yet decided who to call but identifies certain types of persons he might call. <u>Id.</u> Defendants argue that plaintiff's answer is completely non-responsive because he fails to provide the actual identities of the expert witnesses he intends to call.[1] Surely the time has come for plaintiff to identify specifically who he intends to call as an expert and to comply with Judge Kennedy's order that the parties serve upon each other the material required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

    D.    <u>Interrogatory No. 11 and Requests for Production of Documents Relating to Damages for Pain and Suffering</u>

In Interrogatory No. 11, defendants seek the following:

> Itemize the amount of damages you claim for pain and suffering; future medical expenses and lost earnings, past and future, mental pain and anguish; permanent physical disability; permanent psychological disability, loss of enjoyment of life; psychological injury, fear; contemplation of severe injury and death, loss of

---

[1] Note that pursuant to the July 3, 2001 scheduling order issued by Judge Kennedy, *all* expert witness designations in this case were to be made within 150 days of the date of the order. Although the discovery deadlines in this case have been extended since the date of Judge Kennedy's July 2001 order, the order did not specifically reference the deadline for the naming of expert witnesses. <u>See</u> <u>Order</u> (December 28, 2001); Entry (September 30, 2002); <u>Order</u> (September 30, 2002); Minute Entry (December 19, 2005); Minute Order (April 18, 2006); Minute Order (July 18, 2006).

     consortium and for any other damages sought by you.
Mem., Exhibit E at ¶ 11.

  Although plaintiff responded with an itemization of his damages, defendants also demanded the production of the following documents:

  1. "All documents, bills, invoices, or receipts for medical treatment (physical, mental or emotional) you received for injuries which you allege to have sustained as a result of the occurrence described in your Complaint." Mem., Exhibit B at 6.

  2. "All documents that relate to any pre-existing condition (physical, mental or emotional) of Plaintiff." Id. at 4.

  3. "All medical records or documents, including or related to any injury which you claim to have sustained as a result of the incident complained of, including any x-rays taken following the occurrence, or reports which may reflect or contain the results of such x-rays." Id. at 5.

  4. "All documents upon which any doctor, physician, health care provider, hospital, or health care institution relied on or referred to in assisting with the treatment or diagnosis of any injury you claim to have sustained as a result of the incident." Id. at 6.

  5. "All documents (or writing of any type or description) recording or evidencing the content of an oral conversation between or with any health care providers regarding Plaintiff's medical condition (physical, mental or emotional), treatment or prognosis related to the incident complained of." Id.

  6. "All reports or memoranda, whether written or recorded, based on conversations or any communications between any health care provider (including its agents, servants, employees, representatives, insurance carriers, and attorneys) and Plaintiff (including her spouse,

family, agents, servants, employees, representatives, and attorneys)." Id.

In response, plaintiff transmitted what he called "some documents" and indicated in response to each request that "[m]ore documents are in preparation." Id., Exhibit E at 21, 23-24.

But, defendants indicate that all it has ever received is a report from plaintiff's psychiatrist, Dr. Wolfe. Plaintiff's demand for $500,000 for current and future medical expenses surely renders the documents sought discoverable and plaintiff will have to produce them.

II.     Other Document Requests

   A.     Document Request No. 1

In Document Request No. 1, defendants seek the following:

> All documents that you identified or referred to in your Answers to Interrogatories.

Mem., Exhibit B at 4.

Plaintiff indicated that some documents have been turned over, that others were in preparation, and that defendants should specify what other documents were sought. Defendants argue that it is not their responsibility to specify whether or not additional documents are due since plaintiff must produce all documents that are responsive to the Request. They point out further that despite their requests, all they have ever received is the report by Dr. Wolfe mentioned above.

Defendants are correct that they are not obliged to further specify what they are demanding. Plaintiff must review his interrogatory responses and produce any document that he identified or referred to within them.

   B.     Document Request No. 23

In Document Request No. 23, defendants seek the following:

>All models, photographs, videotapes, diagrams, charts, or other physical objects which you have prepared in connection with this case.

Mem., Exhibit B at 7.

Once again, plaintiff indicated that some documents have been turned over and that others were forthcoming. Plaintiff also indicated that a tape of a Lufthansa employee would be available and that other tapes and photographs may be available.

The time for production of these materials has come. If plaintiff possesses the tapes and photographs to which he refers, he must produce them.

III.    Defendants' Request for an Independent Medical Evaluation ("IME")

Defendants move to compel plaintiff to submit to an IME, pursuant to Rules 35 and 37 of the Federal Rules of Civil Procedure. Defendants argue that they did not receive any of the records of plaintiff's psychiatric treatment until August 25, 2006, and that a complete set of records was only received on September 13, 2006, irrespective of the fact that defendants had noticed the deposition of plaintiff's treating psychiatrist, Dr. Wolfe, on July 11, 2006.

Plaintiff argues that defendants' request for an IME is too late and overly intrusive, given the amount of documentation that has already been turned over. Plaintiff further contends that the deposition testimony of plaintiff's treating physician, Dr. Wolfe, in itself provides a complete, unbiased analysis of plaintiff's injuries.

Good cause exists for compelling the IME. Benham v. Rice, 238 F.R.D. 15, 27-28 (D.D.C. 2006). Although plaintiff does not expressly distinguish between damages sought for emotional pain and suffering versus physical pain and suffering, plaintiff seeks the following: 1) $500,000 for current and future medical expenses, 2) $7,500,000 for mental pain and anguish, 3)

$2,000,000 for permanent psychological disability, 4) $500,000 for loss of enjoyment of life, 5) $500,000 for psychological injury and fear, and 6) $250,000 for contemplation of severe injury and death.  By seeking such damages for emotional pain and suffering, plaintiff has unequivocally placed his mental condition in controversy. Id.  Plaintiff must therefore submit to an IME.

IV.     Additional Discovery Sought by Plaintiff

   A.      Employee Logs and Passenger Lists

Plaintiff complains that he lacks access to defendants' passenger lists. Opp. at 9.  But the passenger lists are attached to Defendant's Reply to Plaintiff's Opposition to Defendants' Motion to Compel and for Additional Limited Discovery and Opposition to Plaintiff's Motion to Compel ("Defs. Reply").  Thus, the controversy pertaining to them is now moot.

Plaintiff also complains that he requested Lufthansa employee logs. Opp. at 9.  But as defendants point out, plaintiff does not indicate in what discovery demand he sought this information and I cannot find such a demand in either plaintiff's first or second document requests. Opp., Exhibits C and D.  There is therefore nothing to compel from the defendant on this record.

   B.      Requests to Produce

Writing as of December 2, 2006, plaintiff described himself as "still awaiting Defendants' completed response to his September 21, 2001 First Request for Production of Documents and his June 5, 2006 Second Request for Production of Documents." Opp. at 9.  But defendants did serve its Supplemental Response of Defendant Lufthansa German Airlines to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents and

8

<u>Response of Defendant Lufthansa German Airlines to Plaintiff's Second Request for Production of Documents</u> on July 11, 2006. Defs. Reply, Exhibits C and D.  Since the defendants responded as required and plaintiff does not point to any deficiency in those responses, there is nothing to compel.

## CONCLUSION

For the reasons stated herein, defendants' motion will be granted and plaintiff's cross motion to compel will be denied.

An order accompanies this Memorandum Opinion.

                                      __/s/_____
                                      JOHN M. FACCIOLA
                                      UNITED STATES MAGISTRATE JUDGE

Dated: April 11, 2007